### GEHMAN v. SMITH, Collector of Internal Revenue.

### Civ. A. 10361.

United States District Court
E. D. Pennsylvania.
July 16, 1952.

Henry D. O'Connor, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe, Frederic G. Rita, Special Assts. to the Atty. Gen., for defendant.

CLARY, District Judge.

A different aspect of this case was before this Court on another occasion. Certain taxes were assessed against the present plaintiff, an alleged manufacturer of adulterated butter. In the first action he sued to enjoin collection of the taxes. Judge McGranery on February 18, 1948 in an opinion reported at 76 F.Supp. 805, Gehman v. Smith, Collector of Internal Revenue, Civil Action No. 7761, held a tax assessed against a manufacturer of butter adulterated by excessive moisture to be a "tax" and not a "penalty", and dismissed the complaint. Thereupon, plaintiff paid the assessment and sued the Collector of Internal Revenue in this action for refund of the taxes paid.

From the pleadings, proof, requests for admissions, testimony and exhibits, I make the following:

### Findings of Fact.

1. The plaintiff, Marvin L. Gehman, resides at R. D. 2, Telford, Montgomery County, Pennsylvania, and at all times material hereto was engaged in business under the trade name "Branch Valley Creamery".

2. This action is brought to recover taxes, penalties and interest paid after assessments under the provisions of Sections 2321(a)(1) and 3206(a)(2) of the Internal Revenue Code, 26 U.S.C. §§

2321(a)(1), 3206(a), against the plaintiff as a manufacturer of "adulterated butter".

3. That on or about the 1st day of November, 1946, there was duly assessed against the plaintiff as taxes under the aforementioned Sections of the Internal Revenue Code the sum of $4,289.40.

4. That thereafter plaintiff paid the amount of said taxes assessed as aforesaid and on May 5, 1949 filed a claim for refund of said taxes, which claim was rejected.

5. That this action is timely brought.

6. During the period January 1st to June 30th, 1946, the plaintiff produced the following products and taxes and penalties were assessed and paid as follows:

| "Under Sec. 2321 (a) (1) | Pounds at 10¢ | | Tax paid |
|---|---|---|---|
| "Butter made from cream: | | | |
| for Costella Bros. | 4,500 | | 450.00 |
| " Paul Bowen | 6,980 | | 698.00 |
| " self | 3,255 | | 325.50 |
| " 'Plastic' cream put in prints for Witchwood Farms | 2,520 | | 252.00 |
| "Rechurned tub butter put in prints | 21,889 | | 2,188.90 |
| "Special tax (Section 3206 (a) (2) | | 300.00 | |
| Ad valorem penalty 25% | | 75.00 | 375.00 |
| | | | $4,289.40" |

7. That the butter made from cream for Costella Bros., Paul Bowen and for self, and rechurned tub butter put in prints, as set out in the preceding Finding of Fact was "adulterated butter" as contained in Section 2320(b) of the Internal Revenue Code, in that, plaintiff herein manufactured said butter with intent and effect of cheapening in cost the butter product by causing the absorption of abnormal quantities of water.

8. That plaintiff was a manufacturer of "adulterated butter" within the definition of Section 3206(a)(2) of the Internal Revenue Code.

9. That "plastic" cream is not butter but is a concentrated form of pure cream having physical characteristics separate and distinct from that of butter.

10. That the assessment of the tax under Section 2321(a)(1) of a tax of 10¢ per pound upon the adulterated butter described in Finding 7 and manufactured by the plaintiff herein was a proper and legal assessment.

11. That defendant has properly collected in taxes the sum of $4,037.40.

12. That the assessment of $252 at the rate of 10¢ per pound upon plastic cream reworked by the plaintiff was improper.

13. That plaintiff is entitled to recover the sum of $252 with such interest and penalty as he may have paid on that portion of the total tax.

Conclusions of Law.

1. That the Court has jurisdiction of the parties and subject matter of this action.

2. That Sections 2321 and 3206 of the Internal Revenue Code constitute a valid exercise of the taxing power of the Congress of the United States.

3. That of the sum assessed, $4,289.40, as taxes, $4,037.40 was correct in amount and was assessed in accordance with the laws of the United States.

4. That the assessment of $252 against the plaintiff was improper and unlawful since it was assessed against a product not constituting "adulterated butter".

5. That plaintiff is entitled to judgment in his favor in the sum of $252 with interest and penalty paid on that portion of the tax.

Counsel for the plaintiff will submit an order for judgment.